United States District Court
Southern District of Texas
**ENTERED**
December 09, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEVENHY L. RAY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:25-CV-04205 |
| § | |
| HOMECARE SOFTWARE SOLUTIONS, § | |
| LLC, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court are the defendant's, Homecare Software Solutions, LLC ("HHAEXCHANGE") motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 10) and the plaintiff's, Devenhy L. Ray ("Ray"), response to the defendant's motion (Dkt. No. 11). After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendant's motion should be **DENIED**.

**II.   FACTUAL BACKGROUND AND CONTENTIONS**

In February 2025, Ray, a licensed Certified Nursing Assistant with over ten years experience, began working for Perfect Touch Home Care ("Perfect Care") in Houston. She passed an initial background check as part of the hiring process. However, Perfect Care conducted weekly background checks on employees, after employment, through HHAEXCHANGE, its contracted background screening company.

In early April 2025, HHAEXCHANGE issued a consumer report to Perfect Care that inaccurately indicated Ray was listed on the Texas Sex Offender Registry. Ray has never been

charged with or convicted of a sex offense, and the publicly available registry records showed no match under her name or date of birth. Ray alleges that the inaccurate designation was a result of HHAEXCHANGE's failure to follow reasonable procedures to ensure accuracy.

On April 12, 2025, Perfect Care removed Ray from the work schedule and barred her from working based on the report, effectively terminating her. She attempted to dispute the inaccuracy with HHAEXCHANGE but allegedly was refused assistance because she was not an employer account holder. Perfect Care also declined to provide her the report.

On May 5, 2025, Perfect Care informed Ray she was cleared to return to work, coinciding with HHAEXCHANGE's alleged correction of the report. Ray, however, felt unable to return due to the damage to her reputation and workplace relationships.

Ray, a single parent, has remained unemployed since April 2025 despite seeking CNA positions. She has experienced substantial financial strain, including the inability to afford daycare, borrowing money for essentials, falling behind on auto loan payments, and fear of repossession. She also reports significant emotional distress, confusion, and anxiety resulting from being falsely identified as a sex offender.

Ray asserts that the financial, emotional, and reputational harms that she has experienced was caused by HHAEXCHANGE's inaccurate reporting, that the injuries fall within the protections of the Fair Credit Reporting Act, and that the conduct was defamatory and an invasion-of-privacy.

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and

the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court's review may include the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## IV.  ANALYSIS & DISCUSSION

Under 15 U.S.C. § 1681e(b), a consumer reporting agency ("CRA") must "follow reasonable procedures to assure maximum possible accuracy" of information in a consumer report. The Fifth Circuit Court of Appeals has made clear that the statute does not impose strict liability, but liability arises where a plaintiff plausibly alleges that an inaccuracy resulted from the procedures followed by the agency. *Hammer v. Equifax Info. Servs.*, LLC, 974 F.3d 564, 568 (5th Cir. 2020). A plaintiff satisfies the inaccuracy element by alleging that "patently incorrect" or misleading information reported was likely the result of an improper or unreasonable procedures that adversely affect an employment decision. *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998). Hence, Ray alleges that HHAEXCHANGE reported that she appeared on the Texas Sex Offender Registry, despite the fact that she has never been charged with or convicted of a sex offense and despite public registry records showing no such listing. A false designation as a sex offender, one of the most stigmatizing inaccuracies a CRA could report, is a paradigmatic example of information that is both patently incorrect and likely to cause adverse employment action. These allegations satisfy the inaccuracy threshold at the pleading stage.

The complaint also plausibly alleges that this inaccuracy resulted from HHAEXCHANGE's failure to follow reasonable procedures. Ray alleges that HHAEXCHANGE failed to verify the sex offender match, failed to use readily available identifying information to confirm or rule out a match, and failed to take any steps before transmitting the report to an employer conducting weekly background checks. She also alleges willful noncompliance under § 1681n. A willfulness claim may be based on either knowing violations or a reckless disregard of statutory obligations. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). Ray alleges HHAEXCHANGE knowingly used automated or cost-driven processes without proper safeguards and ignored obvious indications that the sex-offender hit was false. She also alleges HHAEXCHANGE failed to offer a meaningful dispute mechanism despite reporting such highly stigmatizing criminal information. These allegations, taken together, permit an inference of at least reckless disregard, particularly where the reported inaccuracy was severe, easily disprovable, and made in the sensitive context of employment. HHAEXCHANGE's arguments that Ray merely recites legal conclusions is unpersuasive. Ray's allegations, if proven, could support a finding that HHAEXCHANGE acted with reckless disregard for its statutory duties.

Ray also states a plausible claim for negligent noncompliance under § 1681o, which requires allegations of (1) inaccurate reporting, (2) caused by failure to follow reasonable procedures, and (3) that resulting in actual damages. *See Waggoner v. Trans Union, LLC*, 2003 WL 22220668 (N.D. Tex. July 17, 2003). Ray alleges she was removed from the work schedule immediately after HHAEXCHANGE issued the report, remained unemployed for months, suffered financial hardship, and experienced emotional distress and reputational harm. HHAEXCHANGE's argument that Ray's damages are self-inflicted because her employer later offered reinstatement raises factual issues not suitable for resolution at the motion to dismiss stage.

The complaint plausibly alleges that HHAEXCHANGE's inaccurate report caused her termination and subsequent harms, and that is sufficient at this juncture.

## V.   CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion to dismiss is **DENIED**.

It is so **ORDERED**.

SIGNED on December 9, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge